UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Southern Minnesota Beet Sugar Cooperative, | Case No. 17-cv-5552 (WMW/BRT) |
| Plaintiff, | |
| v. | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO WITHDRAW ITS JURY-TRIAL DEMAND |
| Agri Systems d/b/a ASI Industrial, Inc., | |
| Defendant. | |

This matter is before the Court on Defendant's motion to withdraw its jury-trial demand. (Dkt. 62.) For the reasons addressed below, the Court grants in part and denies in part the motion.

## BACKGROUND

Defendant Agri Systems, doing business as ASI Industrial, Inc. (ASI), is a Montana corporation in the business of designing, engineering and constructing storage facilities. Plaintiff Southern Minnesota Beet Sugar Cooperative (SMBSC) is a Minnesota cooperative in the business of processing sugar beets into sugar and selling that sugar to third parties.

This case involves the design and construction of an industrial beet sugar storage facility. SMBSC runs a sugar beet processing facility in Renville, Minnesota, and ASI designed and constructed the storage facility at issue. After construction was complete, a portion of the equipment allegedly failed, and SMBSC now seeks $3.3 million in damages.

In or about April 2014, the parties entered into a Design-Build Agreement for the construction of six concrete sugar silos. The parties agree that the Design-Build Agreement includes a jury-trial waiver. The Design-Build Agreement's jury-trial waiver provides:

> Any controversy or dispute not resolved through non-binding mediation arising out of or relating to this Agreement and the Contract Documents, or any obligations hereunder or thereunder, shall be brought in a court in the State of Minnesota or any federal court of competent jurisdiction in the State of Minnesota. By executing and delivering this Agreement, the Parties, irrevocably . . . waive, and agree to cause their subsidiaries to waive, the right to trial by jury in any action to enforce or interpret the provisions of this Agreement, the Contract Documents and the transactions contemplated hereby and thereby.

Despite the contractual waiver of the right to a trial by jury, ASI's answer to SMBSC's complaint demands a jury trial. ASI's jury-trial demand provides that "ASI REQUESTS A TRIAL BY JURY OF THE LARGEST NUMBER PERMITTED BY LAW ON ALL TRIABLE ISSUES."

SMBSC originally alleged six causes of action against ASI: Count I, breach of contract for a failure to perform; Count II, breach of express warranty; Count III, breach of implied warranty; Count IV, contract void as against SMBSC; Count V, professional negligence; and Count VI, product defect. The Court granted summary judgment to ASI as to Count IV and Count VI. The remining claims are SMBSC's contract claims (Counts I, II and III) and SMBSC's professional-negligence claim (Count V).

ASI now seeks to withdraw the jury-trial demand it requested as to SMBSC's contract claims and professional-negligence claim. SMBSC opposes ASI's motion.

## ANALYSIS

The parties dispute whether ASI may withdraw its jury-trial demand without SMBSC's consent.

The right to a jury trial in a civil suit is preserved by the United States Constitution. U.S. Const. amend. VII. A party may waive its right to a jury trial if there is "an intentional relinquishment or abandonment" of the right to a jury trial. *Brookhart v. Janis*, 384 U.S. 1, 4 (1966) (internal quotation marks omitted); *see also La Parilla, Inc. v. Jones Lang LaSalle Ams., Inc.*, No. 04-4080 (MJD/AJB), 2006 WL 2069207, at *11–12 (D. Minn. July 26, 2006) (holding that a jury-trial waiver is enforceable if the party waiving the right does so "knowingly and voluntarily" (citing *Brookhart*, 384 U.S. at 4–5)). There is a presumption against the waiver of a fundamental right to a jury trial. *See La Parilla*, 2006 WL 2069207, at *12. The party asserting the waiver bears the burden of showing that a contractual wavier is knowing and voluntary. *Id.*

"A party waives a jury trial unless its demand is properly served and filed. A *proper* demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d) (emphasis added). By its terms, Federal Rule of Civil Procedure 38(d) "requires consent by an adversary only for an attempt to withdraw a 'proper' demand for a jury trial." *Westminster Sec. Corp. v. Uranium Energy Corp.*, 255 F. Supp. 3d 490, 496 (S.D.N.Y. 2017). "[I]f a party did not have a right to a jury trial—either because the right did not exist as a matter of federal law or the party waived it contractually—then a jury demand will be without

3

effect." *Id.* at 496–97.  Thus, if the Design-Build Agreement includes a valid jury-trial waiver, then ASI's jury-trial demand was improper and will not be enforced.

Courts consider several factors when determining whether a waiver of a jury trial is knowing and voluntary and, therefore, enforceable:

> Specifically, courts consider: (1) whether 'the waiver provision is on a standardized form agreement or newly-drafted document'; (2) whether the provision was 'in fine print or in large or bold print'; (3) whether the provision was set off in its own paragraph; (4) whether the provision was 'in a take-it-or-leave-it or negotiated contract'; (5) whether the contract is long or short; (6) whether the waiving party was represented by legal counsel; (7) whether the waiving party was 'a sophisticated business person'; (8) whether there was 'manifestly unequal . . . bargaining power' between the parties; and (9) whether the waiving party 'had an opportunity to review the contract.'

*Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S., Inc.*, No. 16-cv-13 (WMW/SER), 2016 WL 6806364, at *5 (D. Minn. Sept. 8, 2016) (quoting *La Parilla*, 2006 WL 2069207, at *12), *report and recommendation adopted as modified*, No. 16-cv-0013 (WMW/SER), 2016 WL 6534403 (D. Minn. Nov. 2, 2016).

I.   **Contract Claims**

The Court first considers whether a valid jury-trial waiver exists as to SMBSC's contract claims (Counts I, II and III).  The Court evaluates each of the relevant factors in turn.

As to the first factor, the parties negotiated the terms of the Design-Build Agreement, sent proposed revisions back and forth, and ultimately created a new document.  These revisions included revisions to the jury-trial waiver language.  The fact

4

that the parties negotiated the terms of the contract resulting in a newly drafted document suggests that the parties had a knowing and voluntary understanding of the terms of the agreement, including the jury-trial waiver. *See, e.g.*, *Phoenix Leasing Inc. v. Sure Broad., Inc.*, 843 F. Supp. 1379, 1384 (D. Nev. 1994) (holding that the parties' negotiation of the jury-trial waiver in a contract demonstrated that the parties knowingly and voluntarily waived the jury-trial right), *aff'd,* 89 F.3d 846 (9th Cir. 1996). Therefore, the first factor weighs in favor of finding the waiver to be enforceable.

As to the second factor, the jury-trial waiver is in the same font as the rest of the contract, as opposed to being in fine print. When a jury-trial waiver is not inconspicuous, it suggests that the parties knowingly and voluntarily accepted that provision of the agreement. *See id.* Here, the waiver is not in large or bold print. But it is sufficiently conspicuous because it is in the same font and format as the rest of the contract. For this reason, the second factor weighs in favor of finding the waiver to be enforceable.

As to the third factor, the jury-trial waiver is in a section titled "Article 13 Disputes." Within that section, the waiver is set off in its own paragraph beginning with the word "Litigation" in bold lettering. That paragraph provides, in pertinent part, that "[a]ny controversy or dispute . . . arising out of or relating to" the Design-Build Agreement shall be brought in Minnesota and the parties' right to a jury trial is waived. The clear labeling of the section and sub-section supports the conclusion that the jury-trial waiver is sufficiently conspicuous. *See id.* Therefore, the third factor weighs in favor of finding the jury-trial waiver to be enforceable.

As to the fourth factor, the Design-Build Agreement was negotiated between two sophisticated parties represented by counsel. ASI's proposed jury-trial waiver was replaced by SMBSC's proposed jury-trial waiver, which appears in the final, signed contract. This fact suggests that the parties had a clear understanding of the terms of the agreement, including the jury-trial waiver. *See, e.g.*, *id.* Because the parties negotiated the terms of the jury-trial waiver, the fourth factor strongly supports finding the jury-trial waiver to be enforceable.

As to the fifth factor, the Design-Build Agreement is 29 pages long, which could weigh against finding the waiver to be enforceable. *See Goodbye Vanilla*, 2016 WL 6806364, at *5 (finding that the short length of a two-page contract weighed in favor of a jury-trial waiver being enforceable). However, the length of the Design-Build Agreement between sophisticated parties with legal counsel is reasonable for a transaction involving approximately $13 million dollars. Although not as strong as the other factors, the length of the Design-Build Agreement also weighs in favor of enforcing the jury-trial waiver.

As to the sixth and seventh factors, both parties are sophisticated entities with legal counsel. The fact that the parties are represented by counsel and are "experienced, professional and sophisticated in business dealings" demonstrates that the parties entered into a jury-trial waiver knowingly and intelligently. *Phoenix Leasing*, 843 F. Supp. at 1385. Both SMBSC and ASI are sophisticated business entities, represented by sophisticated counsel, that negotiated the terms of the Design-Build Agreement, including the jury-trial

6

waiver. Therefore, these factors also support finding the jury-trial waiver to be enforceable.

As to the eighth and ninth factors, nothing in the record suggests that the parties had unequal bargaining power, nor does the record reflect that the parties lacked ample opportunity to review the terms of the Design-Build Agreement before signing it. Absent a demonstration of inequality-of-bargaining power, these factors support finding that the jury-trial waiver is enforceable. *See id.* ("Nothing here calls on a court to rescue Defendant from a contract (or a contract term) entered into knowingly and voluntarily."). Therefore, both the eighth and ninth factor weigh in favor of finding the jury-trial waiver to be enforceable.

For these reasons, the Court finds that the jury-trial waiver provision in the Design-Build Agreement was entered into knowingly and voluntarily. ASI's jury-trial demand was improper as to SMBSC's contract claims because a jury trial is precluded by the parties' Design-Build Agreement. Accordingly, ASI may withdraw its jury-trial demand as to SMBSC's contract claims (Counts I–III).

## II.  Professional-Negligence Claim

The parties agree that the jury-trial waiver does not apply to Count V, SMBSC's professional-negligence claim. Indeed, the Court previously held in its summary-judgment order that SMBSC's professional-negligence claim is an independent tort that does not arise out of the Design-Build Agreement. Therefore, the jury-trial waiver does not apply to SMBSC's professional-negligence claim, and ASI's jury-trial demand is proper as to the

professional negligence claim. Pursuant to Federal Rule of Civil Procedure Rule 38(d), ASI may not withdraw its jury-trial demand as to the professional-negligence claim without SMBSC's consent. Because SMBSC does not consent, SMBSC's professional-negligence claim will proceed to a jury trial.

In summary, absent SMBSC's consent to a bench trial as to all of its claims, the Court will bifurcate SMBSC's claims for trial. The Court will hold a bench trial as to SMBSC's contract-based claims (Counts I–III), and the Court will hold a jury trial as to SMBSC's professional-negligence claim (Count V).

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Agri Systems's motion to withdraw its jury-trial demand, (Dkt. 62), is **GRANTED IN PART AND DENIED IN PART** in accordance with this Order.

Dated:  August 13, 2021                                        s/Wilhelmina M. Wright
                                                                                    Wilhelmina M. Wright
                                                                                    United States District Judge